IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES EDWARD GREEN, JR.
ADC #113001                                                                                         PLAINTIFF

V.                          5:08CV00020 SWW/JTR

ROBERT ROSEGRANT, Chief of Police,
Monticello Police Department, et al.                                                            DEFENDANTS

**ORDER**

In their recently filed Motion to Dismiss, Defendants note that it is unclear whether Plaintiff, who is prisoner proceeding *pro se* in this § 1983 action, is suing them in their official and/or individual capacities. *See* docket entry #24.

The doctrine of sovereign immunity prohibits a plaintiff from obtaining *monetary damages* from a state actor named in his or her *official capacity*. *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005); *Murphy v. State of Arkansas*, 127 F.3d 750, 754-55 (8th. Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989). However, sovereign immunity does *not* bar a plaintiff from obtaining: (1) *monetary* damages against a state actor named in his or her *individual capacity*; or (2) *injunctive relief* against a state actor in his or her *official capacity*. *Id.* Additionally, the Eighth Circuit has clarified that a court has discretion to allow a *pro se* plaintiff to amend his complaint to clarify the capacity in which he is suing the defendants. *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006); *Nix v. Norman,* 879 F.2d 429, n.3 (8th Cir. 1989).

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff shall file, **within thirty days of the entry of this Order**, a "Fourth Amended Complaint" specifying the capacity in which he is suing each of the Defendants.

2.  Plaintiff is reminded that the failure to timely and properly respond to this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 1st day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE